UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

EVANGELINA MORALES,

                Petitioner,

v.

PAMELA BONDI et al.,

                Respondents.

_____/

Case No. 1:25-cv-1472

Honorable Hala Y. Jarbou

## **ORDER**

The Court has granted Petitioner's request for relief under 28 U.S.C. § 2241.  Still pending are Petitioner's motion to certify a class (ECF No. 5), motion for a declaratory judgment on behalf of a putative class (ECF No. 13), motion for summary judgment on behalf of a class (ECF No. 18), and motion for a temporary restraining order ("TRO") and preliminary injunction on behalf of a class (ECF No. 21).  Petitioner seeks to certify and represent the following class:

> All current and future noncitizens detained at the North Lake Processing Center, the Calhoun County Correctional Center, the Chippewa County Correctional Facility, or any other immigration detention facility within the Western District of Michigan who: (1) entered the United States without inspection; (2) have been placed in removal proceedings under 8 U.S.C. § 1229a; (3) are not subject to mandatory detention under 8 U.S.C. § 1226(c) or post-order detention under 8 U.S.C. § 1231; and (4) are or will be detained without an individualized bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A), and excluding individuals detained pursuant to § 1225(b)(1), § 1226(c), or § 1231.

(Mot. to Certify Class 2, ECF No. 5.)

She ultimately seeks a declaration that "Respondents' policy and practice of detaining class members under § 1225(b)(2)(A) rather than § 1226(a) violates the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth Amendment," as

well as preliminary and permanent injunctive relief "enjoining Respondents from applying § 1225(b)(2)(A) to individuals apprehended within the United States and requiring that all class members be provided individualized custody hearings before an Immigration Judge under § 1226(a)." (*Id.* at 2-3.) Her motions for summary judgment, declaratory judgment, and a preliminary injunction seek similar injunctive and/or declaratory relief.

Petitioner has not complied with the procedural rules governing motions for a TRO by providing both an affidavit showing that immediate and irreparable injury will result before Respondents can be heard in opposition, as well as a written certification of efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(2). Accordingly, the Court will treat the motion for a TRO as a motion for preliminary injunctive relief, and will give Respondents an opportunity to respond.

To the extent Petitioner seeks relief for herself, her requests are potentially moot because the Court has already given her relief under § 2241. Nevertheless, the foregoing motions remain pending insofar as Petitioner seeks relief on behalf of a putative class of current (or future) detainees. Before ruling on those motions, however, the Court would like the parties to address issues relevant to the motions that are not addressed in Petitioner's briefing. Accordingly,

**IT IS ORDERED** that Petitioner is directed to file a supplemental brief in support of her pending motions within fourteen days of this order. Respondents may file their response to the supplemental brief and pending motions within 28 days after Petitioner files her supplemental brief. Petitioner may file a reply within fourteen days after the response is filed. In their briefing, the parties shall address the following issues:

(1) Whether the grant of habeas relief to Petitioner moots her individual claims under the APA and the Constitution.

2

(2) Whether the Court can certify a class of petitioners seeking habeas relief under § 2241 and what authority permits it to do so. *See A.A.R.P. v. Trump*, 605 U.S. 91, 107 (2025) (Alito, J., dissenting) (explaining why "it is doubtful that class relief may be obtained in a habeas proceeding").

(3) Whether the Court can certify a class where the proposed class includes potential future detainees who are not currently detained and who may not have standing to seek relief. *See Hamama v. Adducci*, 946 F.3d 875, 878 (6th Cir. 2020) ("Eligibility for habeas relief . . . covers only those individuals currently in custody.").

(4) Whether the Immigration and Nationality Act ("INA") prevents the Court from granting class-wide relief in this case. *See* 8 U.S.C. §§ 1252(e)(1), 1252(f); *Hamama*, 946 F.3d at 876-77.

(5) Whether the INA prevents the Court from granting any injunctive or declaratory relief in this case (for a Constitutional violation or otherwise). *See* 8 U.S.C. § 1252(f).

(6) Whether the "corresponding declaratory relief" permitted by Rule 23(b)(2) of the Federal Rules of Civil Procedure is effectively a form of injunctive relief that would be barred by the INA. *See Hamama*, 912 F.3d at 880 n.8 ("The practical effect of a grant of *declaratory* relief as to Petitioners' detention would be a class-wide injunction against the detention provisions, which is barred by § 1252(f)(1)." (emphasis added)).

(7) Whether the availability of individual habeas relief for putative class members is an "other adequate remedy" for them under the APA. *See* 5 U.S.C. § 704.

(8) Whether or to what extent the grant of relief to Petitioner under § 2241 makes Petitioner an inappropriate representative of the class.

(9) Whether a class action in this case would be duplicative of the class action in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and whether any overlap with that case should impact the Court's decision to certify a class or to grant class-wide relief. *See Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987) (disfavoring relief to individuals covered by a larger, previously-filed class action raising the same claims).


Dated: December 9, 2025                              /s/ Hala Y. Jarbou
                                                                            HALA Y. JARBOU
                                                                            CHIEF UNITED STATES DISTRICT JUDGE