UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EVANGELINA MORALES,

                Petitioner,

v.

PAMELA BONDI, et al.,

                Respondents.

_____/

Case No. 1:25-cv-1472

Honorable Hala Y. Jarbou

## **ORDER**

The Court has granted Petitioner's request for relief under 28 U.S.C. § 2241.  Still pending

are Petitioner's motion to certify a class (ECF No. 5), motion for a declaratory judgment on behalf

of a putative class (ECF No. 13), motion for summary judgment on behalf of the class (ECF

No. 18), and motion for a preliminary injunction on behalf of the class (ECF No. 21).  Petitioner

seeks to certify and represent the following class:

> All current and future noncitizens detained at the North Lake Processing Center,
> the Calhoun County Correctional Center, the Chippewa County Correctional
> Facility, or any other immigration detention facility within the Western District of
> Michigan who: (1) entered the United States without inspection; (2) have been
> placed in removal proceedings under 8 U.S.C. § 1229a; (3) are not subject to
> mandatory detention under 8 U.S.C. § 1226(c) or post-order detention under 8
> U.S.C. § 1231; and (4) are or will be detained without an individualized bond
> hearing pursuant to 8 U.S.C. § 1225(b)(2)(A), and excluding individuals detained
> pursuant to § 1225(b)(1), § 1226(c), or § 1231.

(Mot. to Certify Class 2, ECF No. 5.)

As relief for the class, she seeks a declaration that "Respondents' policy and practice of

detaining class members under § 1225(b)(2)(A) rather than § 1226(a) violates the Immigration and

Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the Fifth

Amendment," as well as preliminary and permanent injunctive relief "enjoining Respondents from applying § 1225(b)(2)(A) to individuals apprehended within the United States and requiring that all class members be provided individualized custody hearings before an Immigration Judge under § 1226(a)." (*Id.* at 2–3.)  Her motions for summary judgment, declaratory judgment, and a preliminary injunction seek similar injunctive and declaratory relief.

In December 2025, the Court asked the parties to provide additional briefing on specific issues, including (1) whether the grant of habeas relief to Petitioner moots her individual claims under the APA and the Constitution; (2) whether the Court can certify a class of habeas petitioners; (3) whether the Court can certify a class that includes potential future detainees; (4) whether the INA—specifically, 8 U.S.C. §§ 1252(e)(1) and 1252(f)—prevents the Court from granting class-wide relief; (5) whether 8 U.S.C. § 1252(f) prevents the Court from granting injunctive or declaratory relief to the class; (6) whether an award of declaratory relief is effectively a form of injunctive relief prohibited by the INA; (7) whether individual habeas relief is an "other adequate remedy" under the APA; (8) whether Petitioner is still an adequate representative of the class; and (9) whether a class action in this case would be duplicative of a similar class action in California. (*See* 12/9/2025 Order, ECF No. 27.)

In her supplemental briefing, Petitioner argued that her claims are not moot because the Government's policy of misclassifying detainees as subject to 8 U.S.C. § 1225(b)(2)(A) and denying them bond hearings remained in force.  She also argued that certifying a class of habeas petitioners or claimants under the APA was appropriate and not prohibited by law.  As to the propriety of the relief requested, she argued the INA neither bars declaratory relief nor prohibits an injunction restraining the Government from acting outside its authority.  Petitioner clarified that she "does not ask the Court to halt detention authorized by § 1225(b)(2)(A).  She asks the Court

to declare that § 1225(b)(2)(A) does not apply to noncitizens apprehended in the interior and placed into removal proceedings under § 1229a, and that detention of such individuals is governed by § 1226(a)." (Pet'r's Suppl. Br. 16, ECF No. 30.)

Circumstances have changed since Petitioner responded to the Court's order for supplemental briefing. On May 11, 2026, the Sixth Circuit issued its opinion in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), holding that noncitizens who are illegally present in the country are not subject to the mandatory detention scheme in 8 U.S.C. § 1225(b)(2)(A); instead, they are subject to the discretionary scheme in 8 U.S.C. § 1226. *See Lopez-Campos*, 175 F.3d at 732. As such, they are entitled to an individualized bond determination. *Id.* at 732–33. In other words, the Sixth Circuit issued a binding decision with a declaration of law that parallels the declaratory relief that Petitioner seeks.

Since that time, the Government appears to have followed the Sixth Circuit's direction. In many cases before the Court, the Government has given Michigan immigration detainees a bond hearing. Also, when responding to habeas petitions filed by such detainees, the Government has repeatedly acknowledged that, because "*Lopez-Campos* is binding on this Court and the immigration courts within the jurisdiction of the Sixth Circuit," detainees like Petitioner are "detained under section 1226 and entitled to request and receive from the immigration court a custody redetermination hearing." *See* Response to Petition 1, 3, *Ousmane v. Unknown Party*, No. 1:26-cv-2046 (W.D. Mich. July 14, 2026), ECF No. 7; Response to Petition 2, 4, *Rodriguez Pacheco v. U.S. Immigr. & Customs Enf't*, No. 1:26-cv-1720 (W.D. Mich. June 1, 2026), ECF No. 8; *accord* Response to Petition 3, *Suarez-Romero v. Raycraft*, No. 1:26-cv-1550 (W.D. Mich. May 13, 2026), ECF No. 4 (recognizing petitioner's entitlement to a bond hearing in light of *Lopez-Campos*).

These developments raise new questions about whether Petitioner's requests for class certification and declaratory relief are moot or unnecessary.  *See Hood v. Keller*, 229 F. App'x 393, 399 (6th Cir. 2007) (concluding that appellate court decision in a separate case rendered it unnecessary for the district court to "again consider [the plaintiff's] claims for declaratory and injunctive relief"); *Salyers v. Sec'y of Health & Hum. Servs.*, 798 F.3d 897, 901 (6th Cir. 1986) (request for declaratory relief moot because "[t]his circuit has no[w] interpreted 20 C.F.R. § 404.1520(c) in *Farris* and *Salmi*, which interpretation is dispositive of the plaintiffs' request for declaratory relief").  Accordingly,

**IT IS ORDERED** that Petitioner is directed to file a supplemental brief with the Court within seven days of this date, explaining (1) why Petitioner's requests for class certification and declaratory relief are not moot or unnecessary, and (2) why the Court should exercise its discretion to grant declaratory relief on an issue that has already been decided by the Court of Appeals in relation to a policy that is no longer being applied by the Government to detainees at immigration detention facilities in Michigan.  Respondents may file a response brief within seven days after Petitioner files her supplemental brief.

Dated: July 20, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

4